Nott, J.
I am of opinion that the verdict ought not to be set aside. The commissioners have clearly mistaken their powers. They are authorised to admit persons to the benefit of the prison bound’s act; but they have nothing to do with the insolvent debt- or’s act. This motion, therefore, must be discharged.
Justices Bay, Smith, Giümke and Colcock coil-eurred.
Brevard, J.
Under the act of Assembly, of 1788, I think commissioners of special bail, (or one commissioner,) may order an assignment of an insolvent debtor’s estate, or any part thereof; and that such assignment, if properly made, is sufficient tó eonvey real estate. In the present case, however, it appears the act was not duly conformed to. There seems to be great informality, and want of certainty in the proceedings. It does not clearly appear by what authority, or in what character, the three persons acted, who style themselves i( commissioners.” The assignment is not under seal. The word u assignment,” must be taken in a legal, and technical sense, to mean a deed or grant. The *481 assignment does not pursue the directions of the act. It is “ for the mutual benefit of all the creditors;” whereas the act directs it (i to be made to the plaintiff, subject to all prior incumbrances.”
I am of Opinión that the district court acted cor- ‘ rectly, in rejecting the writing offered as an assignment ; and that the motion for a new trial ought to he refused.